# United States Court of Appeals
# for the Fifth Circuit

No. 23-60525

CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; EDWARD J. BLUM; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KIRBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS,

*Petitioners*,

*versus*

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,

*Respondents*.

Petition for Review from an Order of the
Federal Communications Comm
Agency No. 96-45

ORDER:

Under Federal Rule of Appellate Procedure 15(d), a party may move to intervene in an appeal reviewing an agency order. "That rule provides no standard for resolving intervention questions, but the Court has identified two considerations: first, the statutory design of the act and second, the policies underlying intervention in the trial courts pursuant to FED. R. CIV. P. 24." *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985).

Assuming *arguendo* that the statutory design favors movants, "[i]ntervention under Rule 24(a)(2) has four requirements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Id.* at 552.

"[W]here, as here, the existing representative in the suit is the government, there is a presumption of adequate representation which may be overcome . . . only upon a showing of adversity of interest, the representative's collusion with the opposing party, or nonfeasance by the representative." *Id.* at 553. The movants have made no such showing here beyond a cursory assertion that "Respondents will not be able to represent adequately all [their] interests."

Accordingly, IT IS ORDERED that the unopposed motion of Benton Institute for Broadband Society, Center for Media Justice and National Digital Inclusion Alliance, to intervene on behalf of the Respondents, is DENIED, without prejudice to their seeking leave to "present their views as *amicus curiae*." *See id.*

_____
Cory T. Wilson
*United States Circuit Judge*